UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MIRIAM A/K/A DEVORA GOTTLIB
on behalf of herself and
all other similarly situated consumers

Plaintiff,

-against-

COHEN & SLAMOWITZ, LLP

Defendant.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★  SEP 07 2012  ★

LONG ISLAND OFFICE

**CV-12 4487**

**IRIZARRY, J.**
**BLOOM, M.J.**

**SUMMONS ISSUED**

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Miriam a/k/a Devora Gottlib seeks redress for the illegal practices of Cohen & Slamowitz, LLP in which it unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Communications Privacy Act.

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 15 U.S.C. § 1692(a)(3) of the FDCPA.

4. The alleged debts that Defendant sought to collect from the Plaintiff involves a consumer debts purportedly owed to Midland Funding, LLC and Discover Bank.

-1-

5.   Upon information and belief, Defendant's principal place of business is located within Woodbury, New York.

6.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

8.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### *Allegations Particular to Miriam a/k/a Devora Gottlib*

10.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect alleged consumer debts from the Plaintiff.

11.   Within the one year immediately preceding this action, the Defendant left many messages on the Plaintiff's answering machine on numerous occasions.

12.   On forty six occasions within the past year, Defendant made forty six calls to an unauthorized wireless number belonging to Plaintiff.

13.   Upon information and belief Defendant used an auto dialer and or prerecorded messages when calling the Plaintiff.

14.   On or about March 6, 2012, a representative of Cohen & Slamowitz, LLP called and left a message with a third party.

15. The representative asked the third party to give the Plaintiff a message that she call back Cohen & Slamowitz, LLP at 800 293 6006 ext. 8690 and that the call was regarding a personal business matter.

16. On or about March 20, 2012, Miss Johnson, a representative of Cohen & Slamowitz, LLP called and left a message with a third party.

17. The representative asked the third party to give the Plaintiff a message that she call back Cohen & Slamowitz, LLP at 516 686 8969 and that the call was pertaining to a personal matter.

18. On or about March 26, 2012, Miss Tennille, a representative of Cohen & Slamowitz, LLP called and left a message with a third party.

19. The representative asked the third party to give the Plaintiff a message that she call back Cohen & Slamowitz, LLP at 516 677 8817 and that the call was pertaining to a business matter, and that the representative would be in the office until 9pm.

20. On or about April 27, 2012, a representative of Cohen & Slamowitz, LLP called and left a message with a third party.

21. The representative asked the third party to give the Plaintiff a message that she call back Cohen & Slamowitz, LLP at 1800 293 6006 extension 8976.

22. On or about May 14, 2012, Joe Sheer, a representative of Cohen & Slamowitz, LLP called and left a message with a third party.

23. The representative asked the third party to give the Plaintiff a message that she call back Cohen & Slamowitz, LLP at 1800 293 6006 extension…. saying: "we represent Discover Bank…but I cannot go into details…please have Devora call me back."

24.     On or about June 20, 2012, Miss Tennille, a representative of Cohen & Slamowitz, LLP
        called and left a message with a third party.

25.     The representative asked the third party to give the Plaintiff a message that she call back
        Cohen & Slamowitz, LLP at 516 677 8817 and that the call was pertaining to a business
        matter.

        While a majority of the courts have ruled that under the FDCPA, a debt collector may

        not have a right to leave a message on a voicemail system and in fact, risks violating

        either 15 U.S.C. §§ 1692d(6), 1692e(11) or 1692c(b) if it does so.  See e.g. Carman

        v. CBE Group, Inc., (2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011).  (It is well

        settled that when a debt collector contacts or reaches a third party and chooses to

        leave **any** message at all to be conveyed to the debtor, such a communication being left

        with a third party will in fact violate 15 U.S.C. §§ 1692c(b),1692d(6), 1692e(11).),

        Leyse v. Corporate Collection Servs., (2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. Sept.

        18, 2006). (The court followed Foti, 424 F. Supp. 2d at 655-56 and  West v. Nationwide

        Credit, 998 F. Supp. 642, 644 (W.D.N.C. 1998) in finding that a phone call to a

        debtor's neighbor that the defendant had a "very important" matter to address was

        "regarding a debt" because the content of the phone call was "with respect to" the

        Defendant's efforts to collect on plaintiff's alleged arrearage and since a phone message

        that "advised the debtor that the matter required immediate attention, and provided a

        specific number to call to discuss the matter" was a communication under the FDCPA

        "given that the obvious purpose of the message was to provide the debtor with enough

        information to entice a return call. The court noted "Were this Court to determine that

-4-

[the debt collectors] Messages did not constitute communications "regarding [Plaintiff's] debt", the Court would be creating an exception to swallow the rule. Under such an exception, debt collectors would be able to abuse and harass consumers with phone calls and other forms of correspondence so long as there is no express mention of the consumers' debts. The court also found: **"A message left by a debt collector which does not state that it pertains to a financial matter could reasonably pertain to a host of issues - including family or medical matters - which may be viewed by a consumer as much more pressing than a debt owed. The apparent purpose of these messages is to be vague enough to provoke the recipient to return the calls in haste. Leaving a message that deceptively entices a consumer to communicate with a debt collector when he is caught off guard is precisely the kind of abuse the FDCPA intended to prevent."**) (emphasis added), See <u>Krapf v. Collectors Training Institute of Illinois, Inc,</u> (Dist. Court, WD New York 2010.) (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of 15 U.S.C. § § 1692(b), 1692(c)(b), and 1692(d).), <u>West v. Nationwide Credit, Inc.,</u> 998 F. Supp. 642 (W.D.N.C.1998) (Section 15 U.S.C. § 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).), <u>Romano v. Williams & Fudge, Inc.,</u> (644 F. Supp. 2d 653 - Dist. Court, WD

Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist.

Court, WD North Carolina 1998.) (A complaint alleging that debt collector telephoned

Plaintiff's neighbor leaving collector's name and telephone number and asking the

neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).),

Thomas v. Consumer Adjustment Co., Inc., (579 F. Supp. 2d 1290 - Dist. Court, ED

Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998.) (Holding that 15 U.S.C. § 1692(c)(b) does not prohibit only

those third-party communications in which some information about the debt is actually

disclosed because that reading would render § 1692(b) superfluous.), Blair v. Sherman

Acquisition, (Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998

F. Supp. 642 - Dist. Court, WD North Carolina 1998.) (All provisions of the statute must

be considered and each term must be interpreted equally, so as not to deflect from the

meaning of the statute. Specifically, as to 15 U.S.C. § 1692, every clause and word must

be given force, and § 1692(c)(b) should be broadly interpreted to prohibit a debt

collector from conveying any information to a third party that concerns a debt (except

for the purpose of obtaining location information as permitted under § 1692(b).), Mathis

v. Omnium Worldwide, (Dist. Court, D. Oregon 2006 quoting West v. Nationwide

Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998.) ("'Other than to

obtain location information, a debt collector may not contact third persons such as a

consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate

collection practices and result in serious invasions of privacy, as well as the loss of

jobs.'".), West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998)

-6-

(quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699), Krapf v. Collectors Training Institute of Illinois, Inc., (Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998.) (Contact with a third party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter." stated a claim under 15 U.S.C. § 1692(c)(b) finding that the Plaintiff's allegation that the Defendant contacted a third party to relay about a "very important" matter regarding the Plaintiff. Plaintiff sufficiently stated claims under 15 U.S.C. §§ 1692(b), 1692(c)(b), and 1692(d).)

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., (424 F. Supp. 2d 643 - Dist. Court, SD New York 2006.) - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate 15 U.S.C. § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at

-7-

644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995).) In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion has been embraced by other courts as well in the context of applying § 1692(c)(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent to employer seeking information about whether Plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate 15 U.S.C. § 1692(c)(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the 15 U.S.C. § 1692(e)(11) disclosure requirement, and other provisions of the FDCPA that

have a threshold "communication" requirement, merely by not conveying specific information about the debt.  In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to the 15 U.S.C. § 1692(e)(11) requirement so long as the message did not convey specific information about the debt.  Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses.), Krug v. Focus Receivables Mgmt., LLC, (2010 U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010)) (same); Henderson v. Eaton, 2001 U.S. Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting  West v.  Nationwide Credit, Inc., 998 F.  Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), (A debt collector may not  communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b). To violate 15 U.S.C. § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it  need not expressly  mention  the debt  or debt collection  as "communication" includes conveying information about a debt "indirectly." 15 U.S.C. § 1692a(2).), Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v.  Nationwide Credit, Inc., 998 F.  Supp. 642 (W.D.N.C.1998.) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.), Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824

-9-

(Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under 15 U.S.C. § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.) Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010.) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.), Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010.) (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008.) (Finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"), Ramirez v. Apex Financial Management, LLC, 567 F.

-10-

Supp. 2d 1035, 1041 (N.D. Ill. 2008.) (Finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so.), Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005.) (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt.), Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006.) (Finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the call.), Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998.) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss.) 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss), Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009.) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 15 U.S.C. §1692(b), communicate with persons "other than the consumer for the purpose of

-11-

33.     Said messages communicate to the least sophisticated consumer that the communication
came from a law firm in a practical sense, hence this message violates Section 1692e(3).

See, e.g. Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08,
2011). ("Absent any disclaimer and without an attorney conducting any meaningful
review, using a "Law Office" Letterhead States a Claim for Relief under Section
1692e(3)." The FDCPA prohibits the use of any "false, deceptive, or misleading
representation or means in connection with the collection of any debt." 15 U.S.C. §
1692e. It enumerates a non-exhaustive list of sixteen debt-collection practices that run
afoul of this proscription, including "the false representation or implication that [a]
communication is from an attorney." Id. § 1692e(3).The Second circuit has held that a
debt-collection letter from a law firm or lawyer violates Section 1692e(3) if an attorney
was not "directly and personally involved" with the debtor's account — such as by
reviewing the debtor's file — before the letter was sent.), Clomon v. Jackson, 988 F.2d
1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v. Perrin, Landry, deLaunay & Durand,
103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v. Rubin, 84 F.3d 222, 229 (7th Cir.
1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7
(M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d
1128, 1133 (D. Minn. 2001) (Alsop, J.).

The same applies to a prerecorded or human voice-mail message, because a voice mail
message containing a law-firm audio caption such as –**"This is Gail Springer, I'm
calling from the law Firm of Cohen & Slamowitz..."** would imply meaningful

-13-

attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005). ("[W]e [have] established that a letter sent on law firm letterhead…does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.").

The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated Section 1692e(3) because, although literally "from" an attorney, they "were not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

While many courts have ruled (see e.g. Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm like **Cohen & Slamowitz, LLP** chooses to leave a voice mail message on the debtors answering machine which uses the words **Law Firm of Cohen & Slamowitz, LLP** before any direct and personal involvement ("with the debtor's account — such as reviewing the debtor's file) - then -

-14-

(absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3). See also e.g. <u>Gonzalez v. Kay</u>, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up.")

In order for a collection agency to be *Foti* compliant a debt collector must put in each oral or written communication the debt collector disclaimer and the debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers and in order for a Law firm who is engaged in purely debt collection activity to be *Greco* compliant if the debt collection law firm uses words that would imply the communication is coming from a Law Firm then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities the (GRECO - NON ATTORNEY) disclaimer is just like the Mini Miranda warning it must be in every communication in fact Cohen & Slamowitz, LLP puts the (NON ATTORNEY) disclaimer in their letter communication because Cohen & Slamowitz, LLP is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communication is from an involved attorney hence when Cohen & Slamowitz, LLP is meaningfully involved ( e.g. during litigation) the (NON ATTORNEY) disclaimer is absent from those communications. An oral or written communication from a LAW

-15-

FIRM absent the (NON ATTORNEY) disclaimer would lead even a sophisticated

consumer to get the impression of meaningful attorney involvement. In general it would

be ridiculous to think that the least sophisticated consumer would carry over any

disclaimer from one communication to the next (such as a *Mini Miranda* or *Greco* -

hence the case law that these disclaimers must be in **ALL** communications). In

particular the communication at hand in this case would imply that it is from an

Attorney in the practical sense since it was the initial communication. No Bona Fide

error defense exists because Cohen & Slamowitz, LLP has a standard practice to leave

in every message the words LAW FIRM or Attorneys.

See Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because

the collection notice was reasonably susceptible to an inaccurate reading, it was

deceptive within the meaning of the Act), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d

Cir. 1993). (Collection notices are deceptive if they are open to more than one

reasonable interpretation, at least one of which is inaccurate), Russell v. Equifax A.R.S.,

74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be

reasonably read to have two or more different meanings, one of which is inaccurate. The

fact that the notice's terminology was vague or uncertain will not prevent it from being

held deceptive under § 1692e(10) of the Act.), Campuzano-Burgos v. Midland Credit

Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception

under the least sophisticated consumer standard: A communication is deceptive for

purposes of the Act if: ''it can be reasonably read to have two or more different

meanings, one of which is inaccurate". This standard is less demanding than one that

-16-

inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor), Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.), Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.), Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate."), Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). (FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.), Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). (Where Defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied Defendant's motion for summary judgment.), Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-

-17-

sophisticated consumer could be misled or deceived by that inconsistency.), <u>Mushinsky v. Nelson, Watson & Assoc., L.L.C.</u>, 642 F. Supp. 2d 470 (E.D. Pa. 2009). (A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate.), <u>Dutterer v. Thomas Kalperis Int'l, Inc.</u>, 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). (A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate…"), <u>Dutton v. Wolhar</u>, 809 F. Supp. 1130 (D. Del. 1992). ("Least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice.)

34.   Defendant, as a matter of pattern and practice, leaves voice mail messages, or cause voice mail messages to be left on debtor's answering machines, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left on Plaintiff's answering machine on many occasions.

35.   Defendant leaves thousands of voice mail messages like the one left for Plaintiff without conducting any meaningful review of the accounts.

36.   The human and or prerecorded voice mail messages Defendant leaves, or cause to be left on debtors answering machines, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, *Robo* calling technologies, Dialers, and electronic databases.

37.   The voicemail communications from the Cohen & Slamowitz, LLP that say: **"This is ..... I'm calling from the law firm of Cohen & Slamowitz…"** is a standardized prescript-ed voice mail.

38.   Although Cohen & Slamowitz, LLP may technically be a law firm, it was not acting in

-18-

the capacity of a law firm with respect to the said voicemail. The inclusion of "Law

Firm" is therefore materially deceptive and misleading in that it communicates to the

least sophisticated consumer that the communication came from a law firm in a practical

sense, when it did not.

39.     If Cohen & Slamowitz, LLP desires to take advantage of the additional collection

leverage provided by the use of a law firm's name in connection with

purely identical, and standardized debt-collection related activities, it is free to do so

under the law of the Second Circuit; so long as its each and every one of its standardized

communications including letters and voice mail messages do not give the least

sophisticated consumer the impression that the communications are from an attorney or

law firm in the practical sense.

See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g. Gonzalez v.

Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors

must not send the message that a lawyer is involved, because this deceptively sends the

message that the 'price of poker has gone up."), See also Sparkman v. Zwicker &

Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's

letter with text on the front and back regarding attorney involvement was confusing to

the least sophisticated consumer and violated § 1692e.)

40.     The representatives that left the messages are not attorneys and, are not licensed to

practice law in the State of New York or any other State.

41.     At no time did any of the representatives indicate in the messages that they are actually a

non-attorney debt collector.

42.    The telephone number (516) 364-6006 is answered by persons who are employed by

Cohen & Slamowitz, LLP as non-attorney "debt collectors" as that term is defined by 15

U.S.C. § 1692a(6).

43.    Said messages are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5)

for failing to qualify that the message was from a non-attorney, for failing to qualify that

no attorney from the firm had reviewed the debt, for implying meaningful attorney

involvement, and that the communications came from an attorney in the practical sense.

44.    On or about October 4, 2011 and February 21, 2012 Defendant sent collection letters

communicating to the least sophisticated consumer that the communications came from

a law firm in a practical sense violating Section 1692e(3).

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist.

LEXIS 8472 (E.D.N.Y. 2005). (computer generated "mass mailing" of tax season

settlement letter on a law firm letterhead lacking any disclaimer and without an attorney

conducting any meaningful review states a claim for relief under Section 1692e(3).),

Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y.

Sept. 7, 2011) (Same), Cordes v. Frederick J. Hanna & Assocs., P.C., 789 F. Supp. 2d

1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011) (same)

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a

non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an

attorney." Id. § 1692e(3).

-20-

The Second circuit has held that a debt-collection letter from a law firm or lawyer

violates Section 1692e(3) if an attorney was not "directly and personally involved" with

the debtor's account — such as by reviewing the debtor's file — before the letter was

sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir. 1993), See, e.g., Taylor v.

Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997), Avila v.

Rubin, 84 F.3d 222, 229 (7th Cir. 1996), Martsolf v. JBC Legal Grp., P.C., No. 1:04-

CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008), Sonmore v. Checkrite

Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.), See also

Suquilanda v. Cohen & Slamowitz LLP ., No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011).

("Absent any disclaimer and without an attorney conducting any meaningful review,

using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)."

The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant

approved the form of dunning letters sent by a collection agency and also "approved the

procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have

any specific involvement with each debtor's account, however, such as reviewing the

debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that

the challenged letters, despite bearing the Defendant attorney's signature, violated

Section 15 U.S.C. 1692e(3) because, although literally "from" an attorney, they "were

not `from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila,

84 F.3d at 229. The same result is obtained here.

45.    Although Cohen & Slamowitz, LLP may technically be a law firm, it was not acting in

the capacity of a law firm with respect to the said letters. The inclusion of "Law Office"

is therefore materially deceptive and misleading in that it communicates to the least sophisticated consumer that the communication came from a law firm in a practical sense, when it did not.

46. If Cohen & Slamowitz, LLP desires to take advantage of the additional collection leverage provided by the use of a law firm's name in connection with purely debt-collection related activities, it is free to do so under the law of the Second Circuit so long as its each and every one of its standardized communications including letters and voice mail messages do not give the least sophisticated consumer the impression that the communications are from an attorney or law firm in the practical sense.
See e.g. Clomon v Jackson, 988 F2d 1314, 1320 (2d Cir. 1993), See e.g Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). ("Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."), See also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293 (E.D.N.Y.2005). (The court found that the collector's letter with text on the front and back regarding attorney involvement was confusing to the least sophisticated consumer and violated § 1692e.), Suquilanda v. Cohen & Slamowitz, LLP No. 1:10-cv-05868 (S.D.N.Y. SEP 08, 2011). ("Absent any disclaimer and without an attorney conducting any meaningful review, Using a "Law Office" Letterhead States a Claim for Relief under Section 1692e(3)".)

47. The Defendant printed and mailed, or caused to be printed and mailed, a letter to Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due an original creditor other than Defendant and

-22-

which Defendant acquired after such obligation or alleged obligation was charged-off or was in default. A true and correct copy of Defendant's communication is attached hereto.

48.     Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to Plaintiff.

49.     Defendant mails, or causes the mailing of, thousands of collection letters like the one sent Plaintiff without conducting any meaningful review of the accounts.

50.     The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs, mailing houses, and electronic databases.

51.     The said letters are standardized form letters.

52.     Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communications came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

53.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty two (52) as if set forth fully in this cause of action.

54.     This cause of action is brought on behalf of Plaintiff and the members of four classes.

-23-

55.     Class A consists of all persons whom Defendant's records reflect resided in the state of

New York and whose neighbor, or similar party or even someone other than a spouse

within the debtor's home answered a telephone call from Defendant within one year

prior to the date of the within complaint up to the date of the filing of the complaint; (a)

the telephone calls were placed to a the consumer's home or similar party seeking

payment of consumer debts purportedly owed to Midland Funding and Discover Card by

leaving messages with third parties directing the consumer to call the Defendant; and (b)

the Plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692c(b)

and 1692d.

56.     Class B consists of all persons whom Defendant's records reflect resided within the

State of New York who received telephonic messages from Defendant within one year

prior to the date of the within complaint up to and including the date of the filing of this

Complaint; (a) involving a telephone message which was placed without setting forth

that the communication was from a debt collector concerning Midland and Discover

Card; and (b) that the telephone message was in violation of 15 U.S.C. 1692 §§

1692e(10) and 1692e(11).

57.     Class C consists of all persons whom Defendant's records reflect resided in the New

York State and who received telephone messages from one of Defendant's collection

representatives (a) which stated that the message was from Cohen & Slamowitz, LLP

but which failed to qualify that the debt had not been reviewed by an attorney and / or

that the telephone messages did not qualify that the person leaving the message was a

non-attorney at the firm, (b) the message was left concerning the seeking payment of an

-24-

alleged debt purportedly owed to Midland Funding or Discover Card; and (c) that Plaintiff asserts the message contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

58.  Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the collection letters were sent to a consumer seeking payment of a consumer debt; and (b) that the collection letters used an attorney letter head which represented that the letters were sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney (c) the letters were sent concerning the seeking payment of an alleged debt purportedly owed to Midland or Discover Card and was not returned or undelivered by the post office; and (d) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10).

59.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(a)  Based on the fact that form telephonic messages and form collection letters are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(b)  There are questions of law and fact common to the class and these questions

-25-

predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(c) The only individual issue involves the identification of the consumers who received such telephonic messages and collection letters, (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

(d) The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

(e) The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

60. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

-26-

61.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class

      pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

62.   Collection attempts, such as those made by the Defendant are to be evaluated by the

      objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

63.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt

      Collection Practices Act.

64.   Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff

      and the members of the class are entitled to damages in accordance with the *Fair Debt*

      *Collection Practices Act.*

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and

against the Defendant and award damages as follows:

   (a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

         And

   (b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

   (c)   Any other relief that this Court deems appropriate and just under the

         circumstances.

### AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by Plaintiff*

65.   Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-8 as if

      set forth fully in this Cause of Action.

-27-

66.     The Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating forty six telephone
        calls to the Plaintiff's wireless telephone number using an artificial and/or pre-recorded
        voice to deliver messages without having the consent of the Plaintiff to leave such
        messages.

67.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically
        the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded
        messages that have been unleashed against Plaintiff by Defendant, also without having
        included the proper name of the Defendant or any name for that matter.

68.     There is no exception or justification for the numerous violations of the TCPA by
        Defendant as Plaintiff has not consented to the use of the wireless telephone number at
        issue where the Plaintiff was charged for each call.

69.     Each call is a separate violation and entitles Plaintiff to statutory damages against
        Defendant in the amount of $500.00 per call.

70.     Plaintiff asserts that since the violations were made intentionally or recklessly that the
        violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

71.     All actions taken by Defendant were taken with malice, were done willfully, recklessly
        and/or were done with either the desire to harm Plaintiff and/or with the knowledge that
        its actions would very likely harm Plaintiff and/or that its actions were taken in violation
        of the TCPA and/or that knew or should have known that its actions were in reckless
        disregard of the TCPA. Courts have found collection agencies have willfully or
        knowingly violated the TCPA simply by calling any Plaintiff on his/her cell phone using

-28-

a pre-recorded voice, regardless of whether it knew it was violating the law.

(*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

72.    The Defendant has repeatedly violated the TCPA by failing to leave the legal name of

the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R.

64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or

other entity that is responsible for initiating the call. If a business is responsible for

initiating the call, the name under which the entity is registered to conduct business with

State Corporation Commission (or comparable regulatory authority) must be stated. The

FCC further provided that:

73.    With respect to the caller's name, the prerecorded message must contain, at a minimum,

the legal name under which the business, individual or entity calling is registered to

operate. The Commission recognizes that some businesses use "d/b/as" or aliases for

marketing purposes. The rule does not prohibit the use of such additional information,

provided the legal name of the business is also stated."

74.    The FCC did not intend to exempt automated collection calls from the requirements of

47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector

failed to leave the legal name of the company. (*Sengenberger v. Credit Control

Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

-29-

75.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

### *Violations of the Telephone Communications Privacy Act*

76.     The Defendant has repeatedly violated the TCPA by failing to leave the legal name of the Defendant in the messages left for the Plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

    "(b) All artificial or prerecorded telephone messages shall:

    At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

    With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

77.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector

-30-

failed to leave the legal name of the company.  (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

78.    Defendant has repeatedly violated the TCPA by the calls made to Plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act.

79.    The actions of the Defendant violate the TCPA.

80.    Because the Defendant intentionally violated the TCPA, the Plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the Defendant failed to obtain prior consent from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
August 23, 2012

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

-31-

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508)

-32-

**Law Office of**

# Cohen & Slamowitz, LLP

P.O. BOX 9012
WOODBURY, NY 11797-9012

(516) 686-8981
(800) 293-6006 ext 8981
Fax (516) 908-7993
Firm Representative: Aristotle Demiopoulos

October 4, 2011

RE:
**Debtor: Miriam Gottlib**
Original Creditor: CITIFINANCIAL
Creditor: Midland Funding, Llc
Card Type: WEISMAN DISCOUNT HOME
CEN
Account Number: 2009170132317
C&S File Number: C492440
Balance as of October 4, 2011: $8,302.43

MIRIAM GOTTLIB
462 MALBONE ST APT 1
BROOKLYN, NY 11225

Dear Miriam Gottlib:

Please be advised that this office represents Midland Funding LLC DBA In Newyork As Midland Funding of Delaware LLC in connection with your outstanding bill. Midland Funding LLC DBA In Newyork As Midland Funding of Delaware LLC has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1:** 35% Discount | One Payment of Only |
| Payment Due Date: October 25, 2011 | $5,396.58 |
| **Option 2:** 20% Discount | 3 Monthly Payments of Only |
| First Payment Due Date: October 25, 2011 | $2,213.98 |
| **Option 3:** 24 Monthly Payments; First Payment of $346.04 due October 25, 2011, Followed by 23 monthly payments of $345.93 starting on November 25, 2011. | |

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by October 25, 2011 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

---

Please detach and return this portion with your payment

| Credit Card Used For Payment | | Creditor: Midland Funding, LLC |
|---|---|---|
| ☐ Visa     ☐ MasterCard | | C&S File Number: C492440 |
| Card Number | Amount | |
| Signature | Exp. Date | Current Balance: $8,302.43 as of October 4, 2011 |
| | | Offer Expires On: October 25, 2011 |

OPTION SELECTED (please check one):

☐ 1 PAYMENT OF $5,396.58  ☐ 3 PAYMENTS OF $2,213.98 EACH  ☐ 24 PAYMENTS, 1ST PAYMENT: $346.04

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, and checks via phone, or visit our website at **www.cslawllp.com** to make payments online. All payments should be made payable to Midland Funding LLC DBA In Newyork As Midland Funding of Delaware LLC.

**Law Office of**

P.O. BOX 9012
WOODBURY, NY 11797-9012

# Cohen & Slamowitz, LLP
(516) 686-8982
(800) 293-6006 ext 8982
Fax (516) 908-7993
Firm Representative: Todd Beneke

February 21, 2012

RE:
**Debtor: Devora M Gottlib**
Creditor: Discover Bank
Account Number: 601100760223902
C&S File Number: D115999
Balance as of February 21, 2012: $17,483.27

DEVORA M GOTTLIB
462 MALBONE ST APT 1
BROOKLYN, NY 11225

Dear Devora M Gottlib:

Please be advised that this office represents Discover Bank in connection with your outstanding bill. Discover Bank has retained us to work with you to resolve this matter to your satisfaction. We understand that your finances may not allow payment of the balance in full at this time. As a result, we are authorized to offer the following three options:

| | |
|---|---|
| **Option 1: 35% Discount**<br>Payment Due Date: March 13, 2012 | One Payment of Only<br>**$11,364.13** |
| **Option 2: 20% Discount**<br>First Payment Due Date: March 13, 2012 | 3 Monthly Payments of Only<br>**$4,662.21** |
| **Option 3:** 24 Monthly Payments; First Payment of $728.69 due March 13, 2012,<br>Followed by 23 monthly payments of $728.46 starting on April 13, 2012. | |

Please use the bottom portion of this letter to indicate the preferred option. We are enclosing a business reply envelope for your convenience. If you would like to discuss your account with one of our account representatives, please call us at the telephone number set forth above. Kindly reply to us by March 13, 2012 as these options may not be available to you after this date.

Very truly yours,

Cohen & Slamowitz, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR AND IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Please detach and return this portion with your payment

| Credit Card Used For Payment | | Creditor: Discover Bank |
|---|---|---|
| ☐ Visa   ☐ MasterCard | | C&S File Number: D115999 |
| Card Number | Amount | |
| Signature | Exp. Date | Current Balance: $17,483.27 as of February 21, 2012<br>Offer Expires On: March 13, 2012 |

OPTION SELECTED (please check one):
☐ 1 PAYMENT OF $11,364.13  ☐ 3 PAYMENTS OF $4,662.21 EACH  ☐ 24 PAYMENTS, 1ST PAYMENT: $728.69

AMOUNT ENCLOSED $_____

P.S. Our office accepts Western Union, Money Gram, MasterCard, VISA, debit cards and electronic bank deductions, or visit our website at **www.cslawllp.com** to make payments online. All payments should be made payable to Discover Bank.